IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> EMPRESAS CERROMONTE CORP., et. al., <br><br> Defendants. | CIVIL NO.: 10-1623 (PG) |

**REPORT AND RECOMMENDATION**

I. **RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

On January 20, 2009, the now-defunct R-G Premier Bank ("R-G") filed the instant action for collection of monies and mortgage foreclosure in the Commonwealth of Puerto Rico Court of First Instance, Aguadilla Part, against defendants Empresas Cerromonte Corporation ("Cerromonte") and its principal Jesús Gabriel Castillo Ortiz ("Castillo") (collectively, "the Cerromonte defendants"), as well as Emerito Estrada Rivera–Isuzu de Puerto Rico (EER-Isuzu) and its principal, Digno Emerito Estrada Rivera ("Estrada"), his spouse Edith Delia Colón Feliciano, and their conjugal partnership (collectively, "the Estrada defendants"). Docket Nos. 1, 10-1. Both groups of defendants subsequently filed respective answers, counterclaims against R-G, and cross claims against each other. Docket Nos. 10-4, 10-5.

On April 30, 2010, the Federal Deposit Insurance Corporation ("FDIC" or "plaintiff") was appointed receiver of R-G, thereby succeeding to all of its rights and obligations. Docket No. 1. On July 7, 2010, the FDIC as receiver for R-G removed the instant action pursuant to 28 U.S.C. § 1446 and 12 U.S.C. § 1819, the latter of which confers original federal jurisdiction over

any case in which the FDIC is a party.  Docket No. 1.  On July 21, 2010, due to the pending counterclaims against R-G, the FDIC mailed defendants and their legal counsel notices informing them of the receivership, of their right to file an administrative claim with the FDIC, and instructions on how to file such a claim.  Docket No. 27, Exhibit Nos. 1-12.  As elaborated below, defendants dispute whether some of these notices were actually received.  Additionally, the FDIC published notices to R-G's creditors and depositors regarding the receivership and administrative claims process in three different newspapers for three consecutive months.  Docket No. 45.  All of the aforementioned notices stated that any administrative claim had to be submitted on or before August 4, 2010.  The notices also stated that if the FDIC disallowed the claim, the claimant would have 60 days to either seek review of that decision in a federal district court or to continue a lawsuit begun before the FDIC's appointment as receiver.

The Estrada defendants submitted a claim on August 4, 2010 by completing the appropriate claim form and indicating that the instant counterclaim was pending before this court.  Docket Nos. 27-9, 27-10.[1]  On October 20, 2010, the FDIC notified the Estrada defendants that their claims were disallowed because (1) they had not provided sufficient proof to support it, (2) there was no direct privity between them and R-G, and (3) the relief they sought was based on alleged agreements not reduced to writing.  Docket Nos. 27-11, 27-12.  The Estrada defendants did not file suit seeking review of this decision.  The record indicates that the Estrada defendants' first action in the instant case since it was removed to this forum was on January 24, 2011, when their counsel filed a notice of appearance.  Docket No. 18.  Neither Cerromonte nor Castillo filed any administrative claim with the FDIC.  Docket No. 27-6.

---

[1] One form was submitted on behalf of EER-Isuzu and the other on behalf of Estrada, his spouse, and their conjugal partnership.  Docket Nos. 27-10, 27-11.

The FDIC now moves to dismiss both counterclaims, arguing that the court lacks jurisdiction due to defendants' failure to exhaust their administrative remedies under the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), Pub. L. No. 101-73, 103 Stat. 183 (1989). Docket No. 27. All defendants have opposed the motion. Docket Nos. 31, 40. Plaintiff has also filed a reply to the Estrada defendants' opposition and the Cerromonte defendants have filed a sur-reply. Docket Nos. 43, 57. Additionally, after plaintiff filed its motion to dismiss the counterclaims, the Cerromonte defendants filed a motion styled "motion requesting limited renewal of stay, proper notice of administrative proceedings, and new claims bar date, or in the alternative continue the action before this court." Docket No. 37. Essentially, the motion serves as another opposition to plaintiff's motion to dismiss the counterclaims, as it requests the court to stay the proceedings and allow Castillo and Cerromonte to exhaust their administrative remedies so as to permit them to continue the present action. They argue that said remedy is merited due to their failure to receive sufficient notice of the FDIC's administrative exhaustion requirement and the claims bar date of August 4, 2010. For the reasons set forth below, it is recommended that the FDIC's motion to dismiss be granted and that the Cerromonte defendants' motion be denied.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. "As courts of limited jurisdiction, federal courts have the duty to construe their jurisdictional grants narrowly." Fina Air, Inc. v. United States, 555 F. Supp. 2d 321, 323 (D.P.R. 2008) (citing Alicea-Rivera v. SIMED, 12 F. Supp. 2d 243, 245 (D.P.R. 1998)). For this reason, federal jurisdiction is never presumed and the party asserting it has the burden of demonstrating its existence. See Murphy v. United States, 45 F. 3d

520, 522 (1st Cir. 1995; Droz-Serrano v. Caribbean Records Inc., 270 F. Supp. 2d 217 (D.P.R. 2003).

A Rule 12(b)(1) motion is viewed under a similar standard as a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6).  See Negrón Gatzambide v. Hernández Torres, 35 F.3d 25, 27 (1st Cir. 1994).  Under that standard, a complaint (or in this case, a counterclaim), will survive a motion to dismiss only if it alleges "a plausible entitlement" to the relief requested. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007).  Evaluating plausibility entails a two-step inquiry.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 11-12 (1st Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).  First, the court separates factual allegations from "legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. at 12 (quoting Iqbal, 556 U.S. at 678) (internal quotations omitted).  Next, the court determines if the factual content, taken as true, admits of "the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (quoting Iqbal, 556 U.S. at 678).

In the context of a 12(b)(1) motion, well-pleaded factual allegations are similarly taken as true, unless the jurisdictional challenge is a factual one rather than a purely facial one.  Valentín v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001); Mercado Arocho v. United States, 455 F. Supp. 2d 15, 18 (D.P.R. 2006); Rivera de León v. Maxon Eng'g Servs., Inc., 283 F. Supp. 2d 550, 554 (D.P.R. 2003).  If the motion does not dispute subject matter allegations, then it challenges only the facial sufficiency of the complaint.  Torres Negrón v. J & N Records, LLC, 504 F.3d 151, 162 n.8 (1st Cir. 2007).  If it does dispute subject matter allegations, then it challenges the factual basis for subject matter jurisdiction.  Id.  A facial attack entails examination of the complaint to determine whether the plaintiff "'has sufficiently alleged a basis of subject matter jurisdiction." Torres Negrón, 504 F.3d at 162 (1st Cir. 2007) (quoting Scarfo v.

Ginsburg, 175 F.3d 957, 960 (11th Cir. 1999)). Under a factual challenge, "the allegations have no presumptive truthfulness, and . . . the court has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." Mercado-Arocho, 455 F. Supp. 2d at 18 (citations omitted).

### III. ANALYSIS

In the instant case, the relevant facts are largely undisputed. Although defendants contest whether they actually received certain notices that the FDIC mailed, it is undisputed that they had *actual knowledge* that the FDIC was appointed receiver of R-G, which is all that FIRREA requires for its administrative exhaustion bar to take effect. See Maldonado Vaillant v. FDIC, 10-1700 (JAG), 2011 WL 1545429 at *3 (D.P.R. Apr. 25, 2011) ("As long as the claimants are aware of the appointment of the receiver, through personal knowledge or through a representative, the requirements of 12 U.S.C. § 1821(d)(3)(B) will be satisfied.") (citing Reierson v. RTC, 16 F.3d 889 (8th Cir. 1994)). As such, defendants' objection that they did not have sufficient notice of the administrative claims process and bar date lacks merit. Similarly, the Estrada defendants' contention that they did not need to file an administrative claim because their counterclaim was filed prior to the FDIC's appointment as receiver fares no better in light of the mandatory nature of FIRREA's administrative exhaustion requirement.[2] Accordingly, as explained in further detail below, it is recommended that defendants' counterclaims be dismissed.

---

[2] Additionally, the Estrada defendants have unsuccessfully raised the same two arguments before this court on at least three prior occasions. See Civil Nos. 10-1620 (ADC), 10-1621 (GAG), 10-1622 (CCC). In each of those other cases, the FDIC as receiver for R-G sued the Estrada defendants for collections under three different loan agreements (which appear related to the same construction deal for which the loan in the instant case was undertaken). In each of those cases, the Estrada defendants asserted counterclaims containing the same allegations as the counterclaim in the instant case. Once again, in each of those cases, the counterclaim was dismissed due to the Estrada defendants' failure to exhaust their administrative remedies. Because the relevant facts of the Estrada defendants' exhaustion efforts are the same here as in the previous cases, there is no reason to depart from the sound analysis of those prior decisions.

### A. Sufficiency of Notice

The FIRREA provides that the FDIC as receiver "succeeds to all rights, titles, powers, and privileges of the insured depository institution." 12 U.S.C. § 1821(d)(2)(A). It also grants the FDIC the authority to review claims against a failed institution and determine whether the claim will be allowed to proceed or disallowed. 12 U.S.C. § 1821(d)(3). This administrative claims review process is "mandatory for all parties asserting claims against failed institutions, regardless of whether lawsuits to enforce these claims were initiated prior to the appointment of a receiver." Marquis v. FDIC, 965 F.2d 1148, 1151 (1st Cir. 1992).

The statute also sets forth certain requirements for notifying individuals or entities with potential claims against the failed institution about the receivership and the administrative claims process, "in order to liquidate or conclude all pending claims." FDIC v. Estrada Colón, 848 F. Supp. 2d 206, 210 (D.P.R. 2012). First of all, the FDIC must publish a notice to creditors and potential claimants of the requirement to present proof of their claims by a specific date, known as the claims bar date. 12 U.S.C. § 1821(d)(3)(B)(i). That notice must be re-published twice, approximately one and two months, respectively, after the first publication. Id. § 1821(d)(3)(B)(ii). The claims bar date must be no less than 90 days after the publication of the first notice. Id. § 1821(d)(3)(B)(i). The FDIC must also mail individual notices to any claimant that appears in the failed institution's books or whose name and address the FDIC subsequently discovers. Id. § 1821(d)(3)(B)(ii). In the first scenario, the notice must be mailed at the same time it is published in the newspaper; in the second, it must be mailed no later than thirty days after the FDIC discovers the claimant's name and address. Id. §§ 1812(d)(3)(B)(i) and (ii).

The FDIC's failure to mail a claimant's individual notice, however, does not exempt that claimant from the exhausting the administrative claims process. Lozada v. FDIC, Civil No. 10-

1644 (JAG), 2011 WL 2199369 at *1 (D.P.R. June 6, 2011) (collecting cases). "The statute does not provide a waiver or exception if the notice is not mailed." Id. The only exception FIRREA provides to its administrative claim requirement is if "the claimant did not receive notice of the appointment of the receiver in time to file such claim before [the claims bar date]." 12 U.S.C. § 1821(d)(5)(C)(ii)(I). Because of this language, courts routinely hold that the FIRREA will bar actions by claimants who failed to exhaust, unless the claimant did not have actual notice of the receivership before the claims bar date. See FDIC v. Estrada Colón, 848 F. Supp. 2d 206, 210 (D.P.R. 2012); FDIC v. Estrada Rivera, 813 F. Supp. 2d 265 (D.P.R. 2011); Maldonado Vaillant, 2011 WL 1545429 at *3. Moreover, it matters not whether the claimant had notice of the claims bar date. Lozada, 2011 WL 2199369 at *2 ("This exception does not apply to claimants who are aware of the appointment of a receiver but who do not receive notice of the filing deadline."). Therefore, the only relevant question here is whether defendants knew that the FDIC was appointed receiver of R-G prior to August 4, 2010, giving them sufficient time to file proof of the claim. See id.; 12 U.S.C. § 1821(d)(5)(C)(ii)(I).

In the case of the Estrada defendants, it is clear that they received notice with sufficient time to file a claim because they, in fact, filed such a claim prior to the expiration of the deadline, on August 4, 2010. Docket Nos. 27, 40.[3] The Estrada defendants contend that said notice was defective because it was mailed on July 21, 2010, which is less than 90 days before the claims bar date, providing them "a scant 8 business days in which to prepare and submit their proof of claim." Docket No. 40, p. 5. However, although the FIRREA does provide that notice is to be

---

[3] The court notes that the Estrada defendants' proofs of claims, submitted as exhibits to plaintiff's motion, refer not to the counterclaims filed in the instant action, but rather to two of the separate, previously mentioned cases that R-G bank filed against the Estrada defendants for collection on different loans. Compare Civil Nos. 10-1622 (CCC) (state court Civil No. K CD09-0242), 10-1621 (GAG), (state court Civil No. D CD09-0184), with Docket Nos. 27-9, 27-10. Nevertheless, the Estrada defendants do not dispute that they filed an administrative claim with respect to the instant counterclaim, and the court thus proceeds upon the representations of the parties.

mailed at the same time it is published, and that the claims bar date shall not be less than 90 days after the publication date, the FDIC's failure to strictly adhere to these provisions does not excuse claimants from their administrative exhaustion obligations. See, e.g., Estrada Colón, 848 F. Supp. at 210 ("Significantly, while FIRREA imposes strict notice requirements on publication, the statute does not provide claimants a waiver or exception if notice is not mailed."). Once again, the only exception to this obligation occurs when the claimant did not receive notice of the receivership "in time to file such claim before such date." 12 U.S.C. § 1821(d)(5)(C)(ii)(I). Here, whatever notice the Estrada defendants may have received must have been sufficient as they did file a timely claim. Therefore, the Estrada defendants' objection to the plaintiff's motion based on lack of notice must be rejected.

The Cerromonte defendants argue that the notice they received was insufficient because their counsel did not receive the mailed notices. However, said defendants admit that their attorney had notice of the appointment of the receiver on July 7, 2010, because the case was removed to this court. Docket No. 57 at ¶ 2. Further, they admit that on August 2, 2010, two days before the claims bar date, Castillo received the notice that the FDIC had mailed on July 21, 2010. Docket No. 57 at ¶ 5. Both forms of notice are sufficient under FIRREA. As previously stated, FIRREA requires only that a claimant is "aware of the appointment of the receiver, through personal knowledge or through a representative." Maldonado Vaillant, 2011 WL 1545429 at *3. Cerromonte and Castillo's attorney and representative concededly knew of the receivership on July 7, 2010, nearly one month before the August 4, 2010 bar date. Moreover, Castillo himself knew about the receivership, as well as the claims process, by August 2, 2010. Although Castillo claims that such notice was meaningless because he is a layperson who could

8

not understand it without the advice of counsel, this contention has little merit. The notice states, in pertinent part:

> [Y]ou may have a claim against the failed institution . . . for the Receiver to consider your claim you must do ALL of the following: complete the enclosed Proof of Claim Form; sign the Proof of Claim form; provide supporting documentation. You must present the properly completed Proof of Claim Form and the supporting documentation to the Receiver on or before the Claims Bar Date referenced in the above subject caption. If you do not . . . the Receiver will disallow your claim.

Docket No. 27-6 (emphasis in original). According to his counterclaim, Castillo was the president of a corporation involved in a multi-million dollar construction project. Docket No. 10-4. It is safe to assume, then, that Castillo had the requisite business sophistication to at least understand the significance of the notice and that it was related to the litigation with R-G, and to thus contact his attorney about it. Accordingly, both the notice of removal and the notice mailed to Castillo were sufficient to meet FIRREA's notice requirements, and the Cerromonte defendants were thus required to exhaust their administrative remedies by filing a Proof of Claim. Because they failed to do so, their counterclaim should be dismissed.[4]

### B. Post-Disallowance Action

Although the Estrada defendants did file a timely proof of claim, they still failed to exhaust FIRREA's required administrative remedies because they did not take action after the FDIC disallowed their claim. If the FDIC disallows a claim, the claimant has 60 days to either file a new action seeking review in federal court or "continue" an action that began prior to the

---

[4] Cerromonte and Castillo also argue that, although the notice they received might have complied with FIRREA, it was deficient under the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution. Docket No. 57 at ¶¶ 7-8. This contention should also be rejected, as federal courts, including this one, hold that a claimant's due process rights are not violated when a claim is disallowed under FIRREA unless the claimant received *no* notice of the receivership. See Estrada Colón, 848 F. Supp. at 209 n.5 (collecting cases); see also Miguelachuli v. FDIC, 799 F. Supp. 2d 141, 152 (D.P.R. 2011) (holding that "[e]ven if Plaintiffs can prove that the receiver: (a) failed to notify them with sufficient time of the established Claims Bar Date, or (b) failed to give notice to the creditors shown in the institution books . . ." the FDIC's disallowance of plaintiffs' claim did not deprive them of due process).

FDIC's appointment as receiver.  12 U.S.C. § 1821(6)(d)(A).  Based on this language, the First Circuit has held that the administrative review process is mandatory for any party asserting a claim against a failed financial institution, "regardless of whether lawsuits to enforce those claims were initiated prior to the appointment of a receiver."  Marquis, 965 F.2d at 1151. Additionally, the language requiring a claimant to "continue" a pending, pre-receivership action has been interpreted to require "some affirmative act" by the claimant.  See Estrada Rivera, 813 F. Supp. 2d at 269 (quoting Reyes v. FDIC, 2011 WL 2604762 at *2 (D.P.R. June 30, 2011)). Failure to take any action "renders the disallowance final and deprives the claimant of any further rights or remedies with respect to the disallowed claim" because it "strips the court of jurisdiction."  Estrada Colón, 848 F. Supp. 2d at 212.

 Here, the FDIC disallowed the Estrada defendants' claims on October 20, 2010 and the 60-day period thus expired on December 19, 2010.  The notice of disallowance warned that "IF YOU DO NOT FILE A LAWSUIT (or continue any lawsuit commenced before the appointment of the Receiver) BEFORE THE END OF THE 60-DAY PERIOD, THE DISALLOWANCE WILL BE FINAL.  YOUR CLAIM WILL BE FOREVER BARRED AND YOU WILL HAVE NO FURTHER RIGHTS OR REMEDIES WITH RESPECT TO YOUR CLAIM."  Docket Nos. 27-10, 27-11 (emphasis in original).  The Estrada defendants filed their counterclaim in the state court action prior to the FDIC's appointment as receiver.  However, there is no indication that they took any action regarding this claim subsequent to the receivership appointment on April 30, 2010 and prior to December 19, 2010.  The record shows that the Estrada defendants did not make an appearance in the removed case until January 24, 2011.  See Docket No. 18. Accordingly, they did not take any affirmative action to "continue" their counterclaim until after the 60 days expired.  Cf. Estrada Colón, 848 F. Supp. 2d at 213 (holding that defendants failed to

"continue" pre-receivership counterclaim where they did not enter appearance until after 60-day period had lapsed); Estrada Rivera, 813 F. Supp. 2d at 270 (same). Therefore, the Estrada defendants failed to exhaust their administrative remedies, and this court lacks subject matter jurisdiction over their counterclaim. It is thus recommended that said counterclaim be dismissed.

### C. Cerromonte's Motion

Cerromonte and Castillo's motion reiterates their contentions that they did not receive sufficient notice of the administrative claims process and that their counterclaim is thus not barred by FIRREA's exhaustion requirements. Based on these premises, the Cerromonte defendants assert that it is still within the court's discretion to stay proceedings and allow them to continue with the administrative claims process. To the contrary, however, as set forth above, Cerromonte and Castillo did receive sufficient under FIRREA, but failed to submit an administrative claim. Now the deadline within which to do so—August 4, 2010—has long passed. Accordingly, Cerromonte and Castillo's motion lacks merit and should be denied.

### V. CONCLUSION

Based on the foregoing analysis, it is hereby recommended that the FDIC's motion to dismiss all defendants' counterclaims (Docket No. 27) be GRANTED and that Cerromonte and Castillo's "motion requesting limited renewal of stay, proper notice of administrative proceedings and new claims bar date, or in the alternative continue the action before this court" (Docket No. 37) be DENIED.

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this report and recommendation. Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(c)(1)(B), and Local Rule

72(d); see also 28 U.S.C. § 636(b)(1); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico this 11th day of September, 2012.

/s Marcos E. López
U.S. Magistrate Judge