IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> EMPRESAS CERROMONTE CORP., et. al., <br><br> Defendants. | CIVIL NO.: 10-1623 (PG) |

**REPORT AND RECOMMENDATION**

**I.   PROCEDURAL AND FACTUAL BACKGROUND**

On January 20, 2009, the now-defunct R-G Premier Bank ("R-G Bank") filed the instant action for collection of monies mortgage foreclosure in the Commonwealth of Puerto Rico Court of First Instance, Aguadilla Part, against defendants Empresas Cerromonte Corporation ("Cerromonte") and its principal Jesús Gabriel Castillo Ortiz ("Castillo") (collectively, "the Cerromonte defendants"), as well as Emerito Estrada Rivera – Isuzu de Puerto Rico (EER-Isuzu) and its principal Digno Emerito Estrada Rivera ("Estrada"), his spouse Edith Delia Colón Feliciano, and their conjugal partnership (collectively, "the Estrada defendants"). Docket Nos. 1, 10-1. The complaint sets forth three causes of action. First, it alleges that defendants owe $7,350,825.55 plus accrued interest, which plaintiff lent pursuant to a loan security agreement executed on October 8, 2007. Docket No. 10-1, ¶¶ 3-6. Next, plaintiff alleges that Cerromonte secured said loan with a mortgage on four different properties in the Municipality of Aguadilla, which are described in the complaint, and requests foreclosure of that mortgage. Docket No. 10-1, ¶¶ 7-10. Finally, the complaint alleges that "defendants are jointly liable" for the sum of the

loan security agreement that they signed on October 7, 2007.  Docket No. 10-1, ¶ 11.  Although the first and second causes of action pled in the complaint do not differentiate between the different defendants, a copy of the loan security agreement shows that it was signed only by Castillo, on behalf of Cerromonte.  Docket No. 2-1, p. 52.  Further, the complaint indicates that the Estrada defendants are sued as apparent successor creditors, whereas Cerromonte and Castillo are sued as debtors.  Docket No. 10-1, ¶ 2.

Both groups of defendants filed respective answers and counterclaims against R-G and crossclaims against each other.  Subsequently, on April 30, 2010, the Federal Deposit Insurance Corporation ("FDIC") was appointed receiver of R-G Bank.  Docket No. 1.  On July 7, 2010, the FDIC removed the instant action pursuant to 28 U.S.C. § 1446 and 12 U.S.C. § 1819.  The FDIC now moves to voluntarily dismiss its claims against the Estrada defendants, claiming they were sued only for notification purposes as holders of junior liens on Cerromonte's properties and that the complaint asserts no substantive claims against them.  Docket No. 26.[1]  The Cerromonte defendants have filed an opposition, to which plaintiff filed a reply.  Docket Nos. 33, 42.[2]  For the reasons set forth below, it is recommended that plaintiff's motion be granted.

II.     ANALYSIS

Pursuant to Federal Rule of Civil Procedure 41(a)(2), a court may dismiss a cause of action at the plaintiff's request on terms that the court considers proper.  Additionally, if the defendant has already filed a counterclaim, the plaintiff's claim "may be dismissed only if the

---

[1] In the state-level proceedings, prior to the FDIC's appointment as receiver and subsequent removal, then-plaintiff R-G had made a similar motion to voluntarily dismiss its claims against the Estrada defendants.  It is unclear whether that motion was still pending adjudication at the time of removal.

[2] The Estrada defendants also indicated their intention to oppose the instant motion, and received an extension of time within which to do so, stating that they planned to include said objections in their opposition to plaintiff's motion to dismiss all defendants' counterclaims, which is also currently pending before the court at Docket No. 27. See Docket No. 30.  However, the Estrada defendants subsequently filed their opposition to the motion to dismiss the counterclaims without including any arguments with respect to the instant motion.  See Docket No. 40.

counterclaim can remain pending for independent adjudication," meaning that it must have a jurisdictional basis. Fed. R. Civ. P. 41(a)(2).

The Cerromonte defendants oppose the motion for voluntary dismissal on two grounds. First, they maintain that the Estrada defendants cannot be dismissed if that would entail dismissal of their crossclaim against the Estrada defendants. Docket No. 33. Next, they argue that EER-Isuzu is jointly liable for the loan obligation that plaintiff seeks to collect via the instant action.[3] Therefore, they reason that if the Estrada defendants are dismissed, then all claims must also be dismissed against Cerromonte and Castillo. Docket No. 10-9. Both of these contentions are unavailing, and thus do not constitute justifications for denying plaintiff's motion.

**A. Cerromonte's Crossclaims**

If the court dismisses plaintiff's claims against the Estrada defendants, it may still retain jurisdiction over the Estrada and Cerromonte defendants' crossclaims against each other. The First Circuit holds that 28 U.S.C. § 1367 grants supplemental jurisdiction over all compulsory counterclaims, as well as permissive counterclaims that are "part of the same case or controversy" as the original action. See Global NAPs, Inc. v. Verizon New Eng., Inc., 603 F.3d 71, 88 (1st Cir. 2010). This allows such claims to remain in federal court even after the plaintiff's claims against the defendant/counterclaimant have been dismissed. Id. By the same token, courts "may retain and adjudicate a cross-claim . . . of which it would not otherwise have had jurisdiction, notwithstanding that plaintiff has voluntarily dismissed the complaint," as long as the court properly had jurisdiction over the plaintiff's complaint when it was filed. United

---

[3] The Cerromonte defendants also state that they incorporate by reference the Estrada defendants' opposition to R-G's motion to voluntarily dismiss the claims against them filed at the state level prior to removal. Docket No. 33, ¶ 2. That opposition essentially argues that if the court dismisses the claims against Estrada and EER-Isuzu, then it should allow their counterclaim against R-G to remain pending for adjudication. Docket No. 10-10. Accordingly, the Estrada defendants did not in fact oppose the voluntary dismissal, but were only concerned with the status of their counterclaim. At any rate, it has already been recommended that said counterclaim be dismissed for lack of subject-matter jurisdiction. See Docket No. 83.

States v. U.S. Trust Co., 106 F.R.D. 474, 477 (D. Mass. 1985) (quoting 5 MOORE'S FED. PRAC. ¶ 41.09 at 41-97); see In re San Juan Dupont Plaza Hotel Fire Litigation, 802 F. Supp. 624, 632 (D.P.R. 1992) ("Where crossclaims arise from a third-party complaint and the third-party complaint is factually similar and depends, in part, upon the resolution of the initial action, the crossclaims are clearly ancillary and the claims may be resolved in the federal forum despite the absence of an independent jurisdictional basis."); see also Adams v. NVR Homes, Inc., 135 F. Supp. 2d 675, 708 (D. Md. 2001) (holding that a court may retain jurisdiction over a crossclaim even where the co-party is subsequently dismissed).  Crossclaims, by their very nature, arise from the same case or controversy as the original complaint.  See Fed. R. Civ. P. 13(g) ("A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action . . . or if the claim relates to any property that is the subject matter of the original action."); Global NAPS, Inc., 603 F.3d at 87-88  (noting that the "case or controversy" boundary established in Article III of the Constitution is somewhat broader than the "transaction or occurrence" test).  Therefore, the court may retain jurisdiction over both crossclaims even if the original complaint is dismissed against the Estrada defendants, and those claims thus do not pose an obstacle for granting plaintiff's motion for voluntary dismissal.

### B.  The Co-Defendants' Joint Liability

In Cerromonte's opposition to plaintiff's motion for voluntary dismissal at the state level, which it incorporates by reference into its instant opposition, it argues that a voluntary dismissal of the claims against Estrada would entail a dismissal of the entire claim under Puerto Rico law. In essence, Cerromonte alleges that EER-Isuzu is jointly liable under the loan security agreement

at issue and, therefore, a release of liability against one debtor must operate as a release against the co-debtor. This contention is problematic for several reasons.

First of all, the loan security agreement was signed only by Castillo on behalf of Cerromonte and there is no indication from that document, the complaint, counter-complaints, or cross-complaints that Estrada or EER-Isuzu ever made a promise to assume responsibility for payment of the loan. See Docket Nos. 2-1, 10-1, 10-4, 10-5.[4] Moreover, even assuming that Estrada and/or EER-Isuzu are jointly responsible for the loan obligation, Cerromonte's argument is unsupported by the relevant legal authority. In support of its argument that the release of one jointly liable debtor necessitate the release of the co-debtors, the Cerromonte defendants rely on a 1969 Puerto Rico Supreme Court case, Merle v. West Bend Co., 97 D.P.R. 403 (1969). However, Merle is not exactly on point with the instant factual scenario and, moreover, its holding in fact cuts against defendants' contention. Merle reversed a lower court's determination that the release of one tortfeasor via a settlement agreement with the plaintiff automatically released the other jointly liable, tortfeasor from its liability to plaintiff. See id.; Hopgood v. Merrill Lynch, Pierce, Fenner & Smith, 839 F. Supp. 98, 105-06 (D.P.R. 1993) (citing Merle, 97 D.P.R. 403); see also 31 LP.R.A. § 3110 ("The waiver or remission made by the creditor of the part affecting one of the joint debtors does not release the latter from his liability with regard to the codebtors in case the debt should have been paid in full by any of them."). In doing so, Merle established the rule in Puerto Rico that the intention of the parties to a settlement agreement controls whether joint tortfeasors will also be released. Merle, 403 D.P.R. at 410-11,

---

[4] Cerromonte's argument that Estrada and EER-Isuzu are jointly liable for the loan appears to be based on the following contention found in their opposition at the state level: "contrary to what R-G alleges in its request for voluntary dismissal, EER-Isuzu was indeed a party to the juridical deal between R-G and Cerromonte, to the point that it appeared to execute a deed of subordination of its credit to that of R-G in order to permit the disbursement of the loan so that the projects could be done." Docket No. 10-9, p. 8, ¶ 6.

Hopgood, 839 F. Supp. at 106 (citing Merle, 97 D.P.R. at 409-10); Vernet v. Serrano Torres, 566 F.3d 254, 260 (D.P.R. 2009) (holding that "[t]he default rule under Puerto Rico law . . . recognizes the settling parties' intent as controlling" when determining whether plaintiff's claims against one defendant were extinguished by settlement agreement with co-defendant) (quoting Río Mar Assocs., LP v. UHS of P.R., Inc., 522 F.3d 159, 166 (1st Cir. 2008). Therefore, Merle and its progeny are inapplicable here because the release comes via a motion for voluntary dismissal, not a settlement agreement.

Moreover, even analogizing Merle's holding to the present case, Cerromonte's argument is unsupported. When determining the intent of the parties to a settlement agreement, the burden is on the defendant to prove release. See TMTV Corp., v. Mass Productions, Inc., 645 F.3d 464, 472 (1st Cir. 2011). Therefore, if there is no indication that the plaintiff intended to release the co-defendant, the default determination is that the co-defendants were not released and are still liable. See Ortiz v. Banco Popular de P.R., 934 F. Supp. 29, 32 (D.P.R. 1996) ("There must be some affirmative indication, either in the plaintiff's actions or the waiver of claim, that plaintiff intends, thereby, to relinquish its right of action against joint tortfeasors."). Here, the FDIC has manifested no intention to release Cerromonte or Castillo from liability in seeking to voluntarily dismiss the complaint against the Estrada defendants. Therefore, granting plaintiff's motion for voluntary dismissal does not mandate dismissal of the entire action.

Additionally, if Cerromonte and Castillo do maintain that the Estrada defendants are jointly liable under the loan agreement, they may still pursue a claim against them on these grounds. A defendant may always seek contribution from a party it alleges is a co-debtor via either a third-party complaint or a separate action. See Szendrey v. Hospicare, Inc., 158 D.P.R. 648 (2003), 2003 WL 751582 (P.R. Offic. Trans.); Río Mar Assocs., LP, SE v. UHS of P.R.,

6

Inc., 522 F.3d 159 (1st Cir. 2008).  Therefore, granting plaintiff's motion for voluntary dismissal will not prejudice Castillo and Cerromonte.

### III. CONCLUSION

Accordingly, based on the foregoing analysis, it is hereby recommended that plaintiff's motion for voluntary dismissal of the complaint against EER-Isuzu, Estrada, his spouse, and their conjugal partnership be GRANTED and that all claims against said defendants be DISMISSED WITH PREJUDICE.

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation.  Failure to file same within the specified time waives the right to appeal this report and recommendation.  Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(c)(1)(B), and Local Rule 72(d); see also 28 U.S.C. § 636(b)(1); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico this 12th day of September, 2012.

/s Marcos E. López  
U.S. Magistrate Judge