**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

FEDERAL DEPOSIT INSURANCE, CORP.,

    Plaintiff,

        v.                                CIVIL NO. 10-1623 (PG)

EMPRESAS CERROMONTE CORP. et. al.,

    Defendant.

**O R D E R**

Before the Court is the Magistrate Judge's Report and Recommendation regarding the Federal Deposit Insurance Corporation's ("FDIC")[1] motion to dismiss the Counterclaims filed by defendants Empresas Cerromonte Corp., and Jesús Gabriel Castillo Ortiz (hereinafter the "Cerromonte defendants")(Docket No. 3-1) and Emérito Estrada Rivera-Isuzu de Puerto Rico, Digno Emérito Estrada Rivera, his spouse Edith Delia Colón Feliciano and their Conjugal Partnership (hereinafter the "Estrada" defendants) (Docket No. 3-2).

The FDIC moved to dismiss both counterclaims claiming that the court lacks jurisdiction due to defendants' failure to exhaust administrative remedies under the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), Docket No. 27.

Defendants opposed the motion. Docket Nos. 31, 40. Plaintiff filed a reply to the Estrada defendant's opposition, followed by a sur-reply filed by the Cerromonte defendants. Docket Nos. 43, 57. After plaintiff filed its motion to dismiss, the Cerromonte defendants filed a "motion requesting limited renewal of stay, proper notice of administrative proceedings, and

---

[1] The FDIC was appointed receiver of R-G Premier Bank.

CIV. NO. 10-1623(PG)                                                    Page 2

new claims bar date, or in the alternative continue the action before this court." Docket No. 37. The motion asks the court to stay the proceedings and allow Castillo and Cerromonte to exhaust administrative remedies in order to continue the present action. In that sense, the motion basically serves as an additional opposition to plaintiffs' motion to dismiss the counterclaims.

Having reviewed the Magistrate's Report and Recommendation, Docket No. 83, as well as defendants' objections thereto, Docket Nos. 90 and 93, the applicable law, and the record of the case, for the reasons set forth below, the Report and Recommendation is **APPROVED AND ADOPTED.**

Following the issuance of a Report and Recommendation, the Court reviews *de novo* the matters delimited by timely and appropriately specific objections. See 28 U.S.C. § 636(b) (2004), Fed. R. Civ. P. 72(b) (2004), and Local Rule 72(d) (2004); see also Borden v. Secretary of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) ("Appellant was entitled to a de novo review by the district court of the [Magistrate's] recommendations to which he objected, however he was not entitled to a de novo review of an argument never raised.") (citation omitted); Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999). An objection is timely if filed within ten days of receipt of the Magistrate Judge's Report and Recommendation. See 28 U.S.C. § 636(b), Fed. R. Civ. P. 72(b), and Local Rule 72(d). The Court thereafter "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. The Court accordingly reviews defendants' objections *de novo*.

The Cerromonte defendants timely submitted several objections; to wit, that proper notice of the bar date to file administrative proceedings never took place and that they were not given sufficient time to file a claim with the advice of counsel. Docket No. 90 at pages 3 and 9.

CIV. NO. 10-1623(PG)                                                    Page 3

The Estrada defendants also filed objections to the Report and Recommendation, specifically, that the FDIC's notice to codefendants was misleading and/or deficient. <u>See</u>, Docket No. 93 at page 2.

The Court will begin its analysis by addressing the Cerromonte defendants' objections. Firstly, the Cerromonte defendants assert that administrative exhaustion is not required in cases involving claims brought to Federal Court as continuing actions and cite <u>Aliberti v. First Meridian Group</u>, 795 F.Supp. 42 (D. Me. 1992) for that proposition.

While the Aliberti case was pending, the Court of Appeals for the First Circuit issued a decision in <u>Serge Marquis v. Federal Deposit Insurance Corp.</u>, 965 F.2d 1148 (1st Cir. 1992), where it found that federal courts retained subject matter jurisdiction over actions pending against financial institutions to permit exhaustion of the administrative review process. Following the ruling of Serge Marquis, the Aliberti court concluded that the presumption under which it was operating, namely , that "§1821(d)(13)(D) <u>automatically</u> divests the Court of jurisdiction over claims and counterclaims against a bank filed prior to the creation of the receivership of the FDIC" was "faulty." <u>See</u>, <u>Aliberti</u>, 795 F.Supp 42 at page. 44 (citations omitted). In short, the Aliberti court determined that once removal jurisdiction has properly attached the court should suspend, rather than dismiss, the suit subject to a stay to permit exhaustion of the administrative process. Accordingly, the court placed the case on the suspense docket to allow the parties to exhaust administrative remedies.

Defendants' reliance on Aliberti is misplaced as the facts of the present case are distinguishable from those in Aliberti in a way that makes the ruling inefficacious. In the case at hand the parties were given a chance to exhaust administrative remedies which was not the case in Aliberti. That is to say, on July 21, 2010, the FDIC sent notices to the

CIV. NO. 10-1623(PG)                                                    Page 4

Cerromonte defendants and the Castillo defendants indicating that they had until August 4, 2010 to file a claim. <u>See</u>, Docket No. 27, Exhibits 1 through 5. The District Court did not "automatically" dismiss the action pending exhaustion of the administrative process. In fact, the reason why the administrative procedure did not run its courts was because defendants failed to comply with the requisites before the claims bar date.

The Cerromonte defendants do not dispute that they did not file the Proof of Claim Forms within the time allowed. Their argument is that the FDIC mixed up the addresses of José Clemente González, former attorney for Cerromonte in a case before the Puerto Rico Court of First Instance, with his counsel in the instant action, Edelmiro Salas González. <u>See</u>, Docket No. 90 at page 5. Therefore, they claim that the FDIC notification to its counsel was defective and thus dismissal was appropriate because failure to exhaust administrative remedies amounts to deprivation of property without due process of law under the Constitution of the United States of America.

The notice requirements set forth in FIRREA provide, in pertinent part, that " [t]he receiver, in any case involving the liquidation or winding up of the affairs of a closed depositary institution, shall...mail a notice similar to the one published under subparagraph (B)(I) at the time of such publication to any creditor shown on the institution's books (I) at the creditor's last address appearing in such books; or (ii) upon discovery of the name and address of a claimant not appearing on the institution's books within 30 days after the discovery of such name and address." 12 USC sec. 1821 (d)(3)(B).

After examining the notifications sent to Cerromonte, the Court is convinced that the FDIC complied with the notification requirements set forth in FIRREA. The record reveals that the FDIC mailed the following notices to these addresses:

CIV. NO. 10-1623(PG)                                                  Page 5

(1) Empresas Cerromonte c/o Edelmiro Salas at PO Box 1887, Mayaguez, PR 00681;

(2) Empresas Cerromonte c/o José Clemente González at 1072 Calle 17, Urb. Villa Nevarez, San Juan, PR 00927.

(3) Empresas Cerromonte at PO Box 680, Corozal, PR 00783

(4) Jesús G. Castillo c/o José Clemente González Ortiz, 1072 Calle 17, Urb. Villa Nevarez, San Juan, PR 00927.

The Cerromonte defendants adduce that "with the possible exception of the one addressed to the corporate address of Cerromonte," all the other notifications were defective. See Docket No. 90 at page 5. Yet all that is needed to comply with the requirements of FIRREA is to mail a notice at the creditor's last address appearing in the institution's books. FIRREA does not require that the attorneys of the creditor be notified.

Furthermore, FIRREA does not provide a waiver or exception of the mandatory administrative claims process in the event that the notice is not sent. In Maldonado-Vaillant et al. v. FDIC, 2011 US Dist. LEXIS 44480, Civil Case No. 10-1700 (JAG), the Court noted that "[f]ailure to mail the notice, […], will not exempt the claimant from exhausting the administrative process. The statute does not provide a waiver or exception if the notice is not mailed." Maldonado-Vaillant, 2011 US Dist. LEXIS 44480 *2 (citing Freeman v. FDIC, 56 F.3d 1394, 312 U.S. App. D.C. 324 (D.C. Cir. 1995)).

The only exception to the requirement of exhaustion of remedies is where the claimant does not receive notice of the appointment of the receiver in time to file his claim. RTC Mortg. Trust 1994-N2 v. Haith, 133 F.3d 574 (8th Cir. 1998), (citing Tri-State Hotels, Inc. v. FDIC, 79 F.3d 707, 716 (8th Cir. 1996)). The exception, however, does not apply to claimants who do not receive notice of the filing deadline but are aware of the appointment of a receiver either

through personal knowledge or through a representative. Reierson v. RTC, 16 F.3d 889. 891-92 (8th Cir. 1994).

In their objection, the Estrada defendants claim that they disagree with the Magistrate's determination that the FDIC's "misleading and/or deficient notice has no bearing on the outcome because they actually filed an administrative claim." See Docket No. 93 at pages 1-2. Their argument, however, falls flat in light of the preceding discussion. We agree with the Magistrate's determination that the Estrada defendants received notice with sufficient time to file a claim because they were able to file such a claim prior to the bar claim date. Their filing of the claim also proves that they were clearly aware of the appointment of the receiver.

Likewise, as the Report and Recommendation states, the Cerromonte defendants had notice of the appointment of the receiver at least as early as July 7, 2010 when the case was removed to this court. Docket No. 57 at ¶2. As such, this Court agrees with the Magistrate's pronouncement that both the Cerromonte defendants and the Estrada defendants received notices that are sufficient under FIRREA.

**WHEREFORE**, in light of the foregoing, the Magistrate Judge's Report and Recommendation is **APPROVED AND ADOPTED**, and defendants' objections **OVERRULED**. An Order shall be entered granting the FDIC's motion to dismiss all defendants' counterclaims (Docket No. 27) and denying Cerromonte and Castillo's "Motion requesting limited renewal of stay, proper notice of administrative proceedings and new claims bar date, or in the alternative continue the action before this court" (Docket No. 37).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, May 22, 2013.

                                             S/ JUAN M. PÉREZ-GIMÉNEZ
                                             JUAN M. PÉREZ-GIMÉNEZ
                                             UNITED STATES DISTRICT JUDGE