**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

FEDERAL DEPOSIT INSURANCE, CORP.,

    Plaintiff,

        v.                                  CIVIL NO. 10-1623 (PG)

EMPRESAS CERROMONTE CORP. et. al.,

    Defendant.

**O R D E R**

Before the Court is the Magistrate Judge's Report and Recommendation regarding the Federal Deposit Insurance Corporation's ("FDIC")[1] motion for partial summary judgment along with Empresas Cerromonte Corp.'s ("Cerromonte") response in opposition, plaintiff's reply and defendants' surreply (Docket Nos. 88, 102, 104 and 116).

After a careful review of the Magistrate's Report and Recommendation, Docket No. 141, as well as Cerromonte's objections thereto, Docket No. 145, the applicable law, and the record of the case, for the reasons set forth below, the Report and Recommendation is **APPROVED AND ADOPTED.**

Following the issuance of a Report and Recommendation, the Court reviews *de novo* the matters delimited by timely and appropriately specific objections. See 28 U.S.C. § 636(b) (2004), Fed. R. Civ. P. 72(b) (2004), and Local Rule 72(d) (2004); see also Borden v. Secretary of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) ("Appellant was entitled to a de novo review by the district court of the [Magistrate's] recommendations to which he objected, however he was not entitled to a de novo review of an argument never raised.") (citation omitted); Phinney v. Wentworth Douglas Hosp., 199

---

[1] The FDIC was appointed receiver of R-G Premier Bank.

CIV. NO. 10-1623(PG)                                                  Page 2

F.3d 1, 3-4 (1st Cir. 1999). An objection is timely if filed within ten days of receipt of the Magistrate Judge's Report and Recommendation. See 28 U.S.C. § 636(b), Fed. R. Civ. P. 72(b), and Local Rule 72(d). The Court thereafter "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. The Court accordingly reviews defendants' objections *de novo*.

Cerromonte timely submitted several objections, most of which relate to the Report and Recommendation's conclusion that the doctrine of *exceptio non adimpleti contractus* is not applicable in this case. Cerromonte seeks to discharge its obligation under a Loan and Security Agreement ("Loan Agreement") entered into with R-G Premier Bank by raising the doctrine as an affirmative defense.

Cerromonte rejects the Report's "strict interpretation" of the language in the Loan Agreement because it "weighs the evidence selecting specific meanings contained in the clause that are less favorable to Cerromonte and forecloses the meanings showing a clear intent of the R-G Bank to fund the construction of the project." See, Docket No. 145 at page 3. Cerromonte also objects the Report's determination that R-G Bank did not exercise its right of First Refusal and the legal base upon which the Magistrate Judge based his determinations. See, Docket No. 145 at page 4. Likewise, Cerromonte objects the way in which the Report interprets a letter dated August 8, 2008 which Cerromonte alleges should favor Cerromonte. See, Docket No. 45, at page 5.

This Court is not convinced by Cerromonte's objections, as described above. The Report and Recommendation throughly analyzes the contractual obligations between Cerromonte and R-G and its conclusions soundly apply the law to the facts of this case. Defendant's objections do not raise any

CIV. NO. 10-1623(PG)                                                    Page 3

significant issue that was not already addressed in the Report and Recommendation.

Furthermore, Cerromonte objects that the Report declines to moderate the penal clause included in the Loan Agreement. See, Docket No. 145 at page 2. Cerromonte argues that enforcing the sum of $792,700.00 as liquidated damages to be paid to the creditor in addition to the amounts owed under the Loan granted pursuant to the Loan Agrement obviates the requirement that Courts have under Puerto Rico law to moderate penal clauses. See, Docket No. 145 at page 2.

Cerromonte asserts that, given the procedural history of the case there is no possibility that the costs and attorneys' fees that plaintiffs incurred in collecting the debt reach $792,700.00 Furthermore, Cerromonte claims that the Report's conclusions are "extremely harsh" and "result in a windfall of attorneys' fees for the plaintiff." See, Docket No. 145 at page 2.

As the Report indicates, penal clauses relieve a debtor from having to prove damages. See, Report and Recommendation, Docket No. 141 at page 18, citing Consol. Mort & Fin. Corp. v. Cooley, 3 P.R. Offic. Trans. 9, 14 (1974). The Civil Code of Puerto Rico provides for the equitable modification of penal clauses "if the principal obligation should have been partly or irregularly fulfilled by the debtor." P.R. Laws Ann. Tit. 31 §3133. The Report cites a line of cases establishing that courts are only inclined to grant the remedy of modification where the debtor makes a sufficient showing of a lack of proportion between the breach and the penalty. The Report concludes that Cerromonte did not make a showing of hardship and onerousness that justifies a moderation of the penal clause.

In its Objections, Cerromonte mistakenly asserts that Puerto Rico law "imposes a duty on the Court to moderate in equity such penal clause." See,

CIV. NO. 10-1623(PG)                                                    Page 4

Docket No. 145 at page 2. The law is unequivocal, the equitable moderation of penal clauses rests in the sound discretion of the Court. <u>Jack's Beach Resort, Inc. v. Cia. Turismo</u>, 12 P.R. Offic. Trans. 430, 436 (1982).

The question is not, as defendants contend, whether the legal costs to collect on the foreclosed property are in excess of the $792,700.00 that the penal clause provides. What the law requires is that courts consider factors such as "the proportionality of harms" and strive to "strike a balance between the punitive and remunerative functions of penal clauses." <u>In re Alvarez</u>, 473 B.R. 853, 863 (1st Cir. 2012).

Defendant Cerromonte has failed to put this Court in a position to attenuate the penalty because there is no basis on the record on which to ground such a determination. Cerromonte has not presented evidence of the foreseeable damages caused by the nonfulfillment, nor has it shown lack of proportion in the penalty. Hence, the Court concurs with the Magistrate Judge's recommendation that there be no reduction of the amount set in the penal clause.

**WHEREFORE**, in light of the foregoing, the Magistrate Judge's Report and Recommendation is **APPROVED AND ADOPTED,** and Cerromonte's objections **OVERRULED.** An Order shall be entered granting the FDIC's Motion for Partial Summary Judgment(Docket No. 88-1) and entering partial judgment for the FDIC.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, September 23, 2013.

<u>S/ JUAN M. PÉREZ-GIMÉNEZ</u>
JUAN M. PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE
